**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.286.0611 direct
mgilbert@sheppardmullin.com

November 8, 2023

The Honorable Valerie E. Caproni
United States District Court Judge for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States v. Donte Goulbourne* et al, 23-cr-00544 (S.D.N.Y.)
      <u>Letter Motion Requesting Modifications to Conditions of Release and Return of Property</u>

Dear Judge Caproni:

On behalf of Donte Goulbourne ("Goulbourne"), a defendant in the above-captioned case, we respectfully request the Court modify the conditions of his pretrial release to (1) permit him to travel to the District of Connecticut where his daughter lives (the government consents); (2) temporarily remove his curfew for one night on Friday, November 10, 2023, so he may attend a memorial service for his grandmother and brother (the government consents); (3) remove the curfew requirement going forward so that he can effectively manage his business in the music industry (the government opposes this modification).  In addition, we move for the return of property seized at the time of his arrest that has no evidentiary value, but the government has refused to return.

I.    <u>Background</u>

   a.   *Complaint and Indictment*

Goulbourne was arrested on a complaint filed on September 26, 2023.  The complaint alleges that a car Goulbourne was driving was stopped by the New York City Police Department ("NYPD") on September 26, 2023, at approximately 5:00 am at a "safety checkpoint" in the Bronx.  Complaint, ECF 1, ¶ 9.  The complaint offers no explanation as to why the car was stopped other than the reference to the "checkpoint."

**SheppardMullin**

The Honorable Valerie E. Caproni
November 8, 2023
Page 2

The complaint alleges that one of the passengers in the vehicle consented to a search of the car and an NYPD officer found checks and unopened mail in the car.[1]  Complaint, ECF 1, ¶ 9.  The NYPD arrested Goulbourne and the two other passengers.  Id.  While conducting a search incident to his arrest, the NYPD found a check for $100,000 to "Vanguard" in Goulbourne's pocket.  Id.

On October 24, 2023, Goulbourne was indicted on two counts: (1) conspiracy to commit possession of a stolen postal key, theft of mail, and possession of stolen mail; and (2) theft of mail and possession of mail.  Indictment, ECF 31, ¶¶ 1-4, 6.

    b.    *Bail Conditions*

Goulbourne was released on September 26, 2023, subject to the following conditions: a $50,000 bond secured by two relatives; travel restricted to the Southern District and Eastern Districts of New York; surrender of travel documents (and no new applications); submit to drug testing; curfew and GPS monitoring; continue his work; not possess weapons; and not contact co-defendants regarding the case unless in the presence of counsel.  Appearance Bond, United States v. Goulbourne, 1:23-mj-06550-UA-1 (Sept. 26, 2023), ECF 4.

    c.    *Music Industry Business*

Goulbourne works in the music industry.  He owns a small record label, Paper Touchaz LLC, and he is a talent manager.  His business serves as an intermediary between artists and larger distribution labels. Goulbourne ensures his artists are looked after and the sound quality is excellent at concerts, events, and recording sessions.  One of Goulbourne's clients is currently in the process of recording an album, which means many recording sessions and preparing to go on tour.  Goulbourne is not able to exercise discretion in the scheduling of recording sessions as studio space is booked by the larger distribution label.  Goulbourne is expected to be available before, during, and after performances and video shoots, which may start at 10:00 pm and continue into the early morning.

Given that his work requires late nights, counsel requested that the period of curfew initially established by Pretrial Services (8:00 am to 8:00 pm) be modified, requiring he be home from 11:00 pm to 11:00 am to better accommodate his work schedule.  Pretrial Services made this change on October 21, 2023.  However, even at 11:00pm, his work is just getting started.  The curfew is impeding Goulbourne's ability to run and thrive in his business.

---

[1] Another passenger in the car, Hansel Hernandez, was also arrested at the same time but after challenging the complaint for lack of probable cause as to the arrest, the government dismissed the complaint against him.  Dismissal of Complaint, United States v. Goulbourne, 23-mj-06550 (October 2, 2023), ECF 15; Submitted Letters, id., ECF 14.

**SheppardMullin**

The Honorable Valerie E. Caproni
November 8, 2023
Page 3

II.     Modification of Release Conditions to Remove Curfew Going Forward

There is no need for a curfew. The curfew impedes Goulbourne's ability to succeed in the music industry. If the curfew is removed, Goulbourne will still be subject to GPS monitoring. He has no criminal history and the allegations involve no violence. He poses no risk of flight and no danger to the community. The curfew has a punitive and unfair impact on Goulbourne, who is dedicated to his music industry career and simply wants to be able to work effectively.

Under 18 U.S.C. § 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release." The conditions of pretrial release must be "the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the [defendant] as required and the safety of any other person." 18 U.S.C. § 3142(c)(1)(B).

Pretrial release conditions should not be punitive. See Bell v. Wolfish, 441 U.S. 520, 535 (1979) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."). When considering the conditions of release that will reasonably assure the defendant's appearance and reasonably prevent danger to the community, 18 U.S.C. § 3142(g) instructs courts to consider: (1) "the nature and circumstances of the offense charged"; (2) "the weight of evidence against the person"; (3) "history and characteristics of the person"; and (4) how dangerous the defendant is to the community.

Goulbourne poses no flight risk. See United States v. Chimurenga, 760 F.2d 400, 406 (2d Cir. 1985); United States v. Dennis, 20-Cr-623, at *3-*4 (S.D.N.Y. May 17, 2022). Further, whatever flight risk Goulbourne may pose will be negated by his continued GPS monitoring. With no allegations of violence or any basis to conclude Goulbourne is engaging in illegal activity while on pre-trial release, Goulbourne is not a danger to the community. See Dennis, 20-Cr-623, at *4 (removing pretrial release conditions of home detention and GPS monitoring for defendant accused of cyberstalking).

III.    Request for Return of Property

At the time of his arrest, the NYPD seized a Louis Vuitton satchel, clothing, a debit card, two cellphones, and an iPad. Goulbourne requests the return of his satchel.

Federal Rule of Criminal Procedure 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "The Rule recognizes that the federal courts have equitable jurisdiction to order the return of property." Bertin v. United States, 478 F.3d 489, 492 (2d Cir. 2007).

> In order to prevail on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either

**SheppardMullin**

The Honorable Valerie E. Caproni
November 8, 2023
Page 4

> the seizure was illegal or the government's need for the property
> as evidence has ended."

<u>United States v. Pinto-Thomaz</u>, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018) (quoting <u>Ferreira v. United States</u>, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)).

Regarding lawful possession, "possession is prima facie evidence of some kind of rightful ownership or title." <u>Northern Pacific Railroad v. Lewis</u>, 162 U.S. 366, 370 (1896). "Contraband" is "illegal or prohibited traffic" or "goods or merchandise the importation, exportation, or sometimes possession of which is forbidden." <u>United States v. Pierce</u>, 224 F.3d 158, 166-67 (2d Cir. 2000). To the final point, in the context of a Rule 41(g) motion, "a criminal defendant is presumptively entitled to the return of his property once it is no longer needed as evidence, [but] the government may retain the property if it has a legitimate reason for doing so." <u>Lavin v. United States</u>, 299 F.3d 123, 127-28 (2d Cir. 2002) (noting restitution was a valid reason for retaining evidence).

Goulbourne owns the satchel, the satchel is not contraband, and the satchel is not evidence. There is no reason the government should not return it.

IV.     <u>Conclusion</u>

We respectfully request the Court order: (1) Goulbourne's travel restrictions be extended to include the District of Connecticut so he may visit his daughter; (2) the curfew be removed for the night of Friday, November 10, 2023, so he can participate in the one year memorial for his brother and grandmother; (3) the curfew condition be removed; and (4) the government return his satchel.

Thank you for your consideration of this request.

Respectfully Submitted,

Michael J. Gilbert
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc:     Connie Dang, Assistant U.S. Attorney

Application GRANTED IN PART.  The conditions of of Mr. Goulbourne's bail are modified to allow him to travel to the District of Connecticut to allow him to visit his daughter.  His conditions are also modified to temporarily remove his curfew for one night on Friday, November 10, 2023, to allow him to attend a memorial service for his grandmother and brother.

Not later than **Wednesday, November 15, 2023**, the Government must file a response letter explaining its position on Mr. Goulbourne's requests (1) to remove his curfew requirement, and (2) to have his Louis Vuitton satchel returned to him.

SO ORDERED.

*[signature: Valerie Caproni]*     11/8/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE